Mark D. Mailman, I.D. No. MDM 1122
Gregory J. Gorski, I.D. No. GJG 3241
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL CAMPBELL ) | |
| ) | **Civil Action No.** |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| PIONEER CREDIT RECOVERY, ) | **NON-ARBITRATION** |
| INC. ) | |
| ) | |
| Defendant. ) | |

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), and other common law claims. The laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Joel Campbell is an adult individual residing at 15550 Kingfield Drive, Apt 1602, Houston, Texas 77084.

5. Defendant Pioneer Credit Recovery, Inc. is a business entity with an office located at 308 W. Route 38, Moorestown, New Jersey 08057. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

**FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to a military equipment purchase (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In or around January 2011, Defendant began contacting Plaintiff at his place of employment in an attempt to collect the debt with the intent to annoy abuse and harass Plaintiff

9. During these telephone call to his work, which Plaintiff estimates began occurring approximate once or twice a week, Defendant's representative would ask to speak with Plaintiff's supervisor, disclose the debt to Plaintiff's supervisor, and tell Plaintiff's supervisor that Plaintiff was involved in a legal matter.

10. Plaintiff on multiple occasions when taking the call from his supervisor advised Defendant that he could not take calls of this kind at work, that his employer prohibited such calls, and requested that Defendant cease calling him at work.

11. Notwithstanding the above, Defendant repeatedly continued to contact Plaintiff at work on several occasions and also sent Plaintiff's supervisor a letter falsely demanding that Plaintiff's supervisor begin garnishing Plaintiff's wages.

12. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

13. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to that person.

14. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion.

15. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

16. Defendant acted in a false, deceptive, misleading, and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

17. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of any debt.

18. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take any action that cannot legally be taken or that is not intended to be taken.

19. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in false representation or deceptive means to collect or attempt to collect any debt.

20. Defendant acted in a false, deceptive, misleading and unfair manner by contacting the consumer at his place of employment when Defendant knew that the consumer's employer prohibits the consumer from receiving such communication.

21. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### **COUNT I - VIOLATIONS OF THE FDCPA**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1693c(a)(3), 1692d, 1692d(5), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;

    (b) Communicating with a non-debtor on more than one occasion;

    (c) Communicating with any person other than the consumer in connection with the collection of a debt;

    (d) Contacting Plaintiff at his place of employment when Defendant knew that the Plaintiff's employer prohibits Plaintiff from receiving such communications;

    (e) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

    (f) Misrepresenting the character, amount, or legal status of any debt;

    (g) Representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such

       action is lawful and the debt collector or creditor intends to take such action;

(h) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(i) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(j) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant's conduct, including but not limited to repeatedly contacting Plaintiff at his place of employment despite Plaintiff's request to cease contact him at work, constitutes on invasion of privacy.

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the

full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorneys' fees; and

    (e) Such other and further relief as may be just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark Mailman and Gregory Gorski as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

## ARBITRATION CERTIFICATION

I, Mark Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000. I further certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C**.

BY:   */s/ Mark D. Mailman*
       MARK D. MAILMAN, ESQUIRE
       GREGORY J. GORSKI, ESQUIRE
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

       Attorneys for Plaintiff

DATE: August 3, 2011